Argued and submitted May 13, affirmed December 9, 1992

In the Matter of the Compensation of
Robert Brown, Claimant.

Robert BROWN,
*Petitioner,*

*v.*

NELSON INTERNATIONAL
and SAIF Corporation,
*Respondents.*

(90-12237, 90-07211; CA A71414)

843 P2d 463

Charles Robinowitz, Portland, argued the cause and filed the brief for petitioner.

Julie K. Bolt, Special Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In October, 1985, claimant suffered a compensable injury. The Evaluation Division found him medically stationary on April 22, 1988, and awarded him .55% permanent partial disability. After a hearing on November 11, 1988, the referee increased the disability award to 80%. On review, the Board held that claimant is permanently totally disabled, effective November 11, 1988. Claimant did not petition for judicial review.

■　　　In June, 1990, claimant filed a request for a hearing, contending, *inter alia*, that he was owed temporary total disability benefits from April 22 to November 11, 1988, and that his permanent total disability benefits should be calculated using the same cost-of-living adjustments used to calculate his temporary total disability benefits. The Board adopted the referee's opinion, which denied the claims. We affirm.

Claimant first argues that he is entitled to benefits from April to November, 1988, because, once he was found to be permanently disabled, the effective date is "by definition" the medically stationary date. He characterizes the Board's award of PTD effective November 11 as the "law of the case" and contends that, by that ruling, the Board changed his medically stationary date. Therefore, he argues, he is entitled to temporary total disability benefits for April to November.

As authority, claimant relies on ORS 656.268(1) and (2). However, those sections provide that a claim may not be closed if a worker is not medically stationary or is "actively engaged" in training. Here, the Board held that its determination that November was the effective date was not "entirely inconsistent" because, at the time when the claim was ready for closure, claimant was receiving temporary benefits because he was participating in a vocational program, not because he was not medically stationary.

The Board then concluded that, regardless of the basis for the November date, claimant had waived the issues of premature closure and temporary disability benefits by not raising them at the November hearing and that, even if he had not, the time to challenge the effective date of the award of permanent total disability was when the Board issued its

order. We agree with that conclusion. Claimant did not seek reconsideration or judicial review of the Board's order; therefore, that order, including the determination of the date when claimant became permanently totally disabled, became final. ORS 656.295(8).

■ Claimant next argues that the Board erred in holding that the cost-of-living increases that applied to his temporary total disability benefits did not apply to the calculation of wages for permanent total disability. The cost-of-living adjustment for temporary benefits was calculated under ORS 656.210(1), which provides, in part:

"Notwithstanding the limitation [on compensation] imposed by this subsection, an injured worker who is not otherwise eligible to receive an increase in benefits for the fiscal year in which compensation is paid shall have the benefits increased each fiscal year by the percentage which the applicable average weekly wage has increased since the previous fiscal year."

He contends that that adjustment also applies to determine the wage rate for permanent total disability benefits under ORS 656.206, because "wages" for purposes of permanent total disability "means wages as determined under ORS 656.210." ORS 656.206(1)(b).

However, the cost-of-living adjustment under ORS 656.210(1) applies only to increases in temporary total disability *benefits*; it does not operate to increase a worker's wages. "Wages" referred to in ORS 656.206(1)(b) are determined according to ORS 656.210(2), which does not provide for a cost-of-living adjustment.

Claimant contends that the legislature could not have intended the unfair result of denying cost-of-living adjustments to a claimant receiving permanent total disability benefits. That position ignores that the legislature has provided for an increase in those benefits through the Retroactive Reserve. ORS 656.506(3).[1]

---

[1] ORS 656.506(3) provides, in part:

"The purpose of the Retroactive Reserve is to provide increased benefits to claimants or beneficiaries eligible to receive compensation under the benefit schedules of ORS 656.204, 656.206, 656.208 and 656.210 which are lower than currently being paid for like injuries. However, benefits payable under ORS 656.210 shall not be increased by the Retroactive Reserve for claimants whose

Affirmed.

---

injury occurred on or after April 1, 1974. Notwithstanding the formulas for computing benefits provided in ORS 656.204, 656.206, 656.208 and 656.210, the increased benefits payable under this subsection shall be in such amount as the director considers appropriate. The director annually shall compute the amount which may be available during the succeeding year for payment of such increased benefits and determine the level of benefits to be paid during such year.''